UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHUONG LUU,

    Petitioner,

    v.      CAUSE NO. 3:26-CV-132-CCB-SJF

KRISTI NOEM, et al.,

    Respondents.

## ORDER TO SHOW CAUSE

Immigration detainee Phuong Luu, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Luu is a Vietnamese national who was ordered removed in 1999. He says he was detained by Immigration and Customs Enforcement (ICE) in 2004 but was released after six months in custody on an Order of Supervision. Luu alleges he was re-detained by ICE on August 13, 2025, and is currently detained at Miami Correctional Facility.

Luu alleges his detention is unlawful because his removal is not reasonably foreseeable. He says that, on August 16, 2025, the Vietnamese Consulate in New York told him that it could not issue him a Vietnamese passport. According to the petition, the government has provided no information regarding the circumstances of a removal to Vietnam or a third country or the reasons for revoking his supervised release.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the court's jurisdiction over the lawfulness of Luu's detention under § 1231(a) is secure.

When answering the petition, respondents should take into account that some issues regarding re-detention under 8 U.S.C. § 1231(a) have already been decided by this court. In *Pho v. Noem*, this court determined 8 U.S.C. § 1252(g) does not strip this court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a) and that the six-month period of presumptive reasonableness identified in *Zadvydas* does not apply to subsequent detentions following a release based on the unforeseeability of removal. *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.). To the extent respondents would raise the same arguments regarding subject matter jurisdiction and the merits already discussed in *Pho* and *Kem*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief

what is different or new, not what has been decided, and those issues particular to this petitioner.

For these reasons, the court:

(1) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Field Office Director for the Chicago ICE Field Office at the Office of the Principal Legal Advisor; (d) the Secretary of the Department of Homeland Security at the Office of General Counsel; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) **ORDERS** the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) **ORDERS** Respondent to file a brief status report by **February 25, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Phuong Luu from the United States in the next thirty days and, if so, to where;

3

(5) **ORDERS** Respondent to answer the petition by **March 4, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Phuong Luu's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(6) **ORDERS** that Phuong Luu may file a reply by **March 11, 2026**.

SO ORDERED on February 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT