UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHUONG LUU,

     Petitioner,

          v.                          CAUSE NO. 3:26-CV-132-CCB-SJF

KRISTI NOEM, et al.,

     Respondents.

## **OPINION AND ORDER**

Immigration detainee Phuong Luu, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Luu has filed a reply. ECF 7, ECF 8. The petition is ready to be decided.

## BACKGROUND

According to the petition, Luu is a Vietnamese citizen who entered the United States as a refugee in 1975. ECF 1. On October 6, 1999, an immigration judge ordered him removed. In 1993, Luu was convicted of a criminal offense and sentenced to a term of incarceration. ECF 7-1 at 24.  In 2004, Immigration and Customs Enforcement (ICE) detained him for six months, but released him on an Order of Supervision due to the inability to secure travel documents. ECF 1. He complied with the Order of Supervision for 20 years. However, on August 13, 2025, ICE detained Luu at a regularly scheduled check in, and he is presently detained at the Miami Correctional Facility.

As of the filing of the petition, the government had provided no information regarding his removal to Vietnam or a third country and no explanation for revoking supervised release. On August 26, 2025, the Vietnamese consulate in New York advised that it could not issue a Vietnamese passport for Luu. ECF 1-3.

The respondents provide a declaration from an ICE official, attesting that the ICE Field Office in Chicago "continues to work with Headquarters Removal Management Division to attempt to obtain travel documents to remove [Luu] to Vietnam. Currently [ICE] does not have travel documents for [Luu] to be removed to Vietnam." ECF 7-2.

In reply, Luu attaches a Memorandum of Understanding between the United States and Vietnam, which addresses the issue of "the Acceptance of the Return of Vietnamese Citizens who Arrived in the United States Before July 12, 1995, and Who Have Been Ordered Removed from the United States." ECF 8-1. In this memorandum, Vietnam indicates that the "intended" timeline for granting or denying requests for travel documents is within thirty calendar days of receiving the request. *Id.* at 5.

SUBJECT MATTER JURISDICTION

The respondents first argue that the court lacks subject matter jurisdiction over Luu's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.) (discussing § 1252(g)); *Pho v.*

2

*Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at \*1-\*4 (N.D. Ind. Dec. 29, 2025)

(Brisco, J.) (discussing § 1252(g)), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Luu's

detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which

for Luu ended at least two decades ago, continued detention is authorized only for

certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably

foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

reasonably foreseeable, continued detention is no longer authorized by statute."). The

Supreme Court has instructed that once removal is not reasonably foreseeable, "the

court should hold continued detention unreasonable and no longer authorized by

statute," though any release "may and should be conditioned on any of the various

forms of supervised release that are appropriate in the circumstances, and the alien may

no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of

detention" of six months in recognition of the Executive Branch's primary responsibility

in foreign policy matters and the sometimes sensitive nature of repatriation negotiations

that may call for difficult judgments regarding whether removal is reasonably

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

foreseeable. *Zadvydas*, 533 U.S. at 689. Because Luu has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

The parties dispute whether the initial burden of proof on the issue of reasonable foreseeability rests with the petitioner or the government. The respondents rely on *Zavydas* for the proposition that "the alien [must first] provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, [and then] the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Luu relies on 8 C.F.R. § 241.13(i)(2), which governs revocation of supervised release for purposes of removal, to argue that the burden rests with the government to show that, based on changed circumstances, removal has become significantly likely to occur in the reasonably foreseeable future.

The court need not resolve this dispute because the outcome is the same even under the more demanding standard proposed by the respondents. The respondents identify Vietnam as the only country under consideration for removal. Luu has represented that initial efforts to remove him to Vietnam failed in 2004. In August 2025, Luu applied for a Vietnamese passport, but the Vietnamese consulate denied his application finding that he did not qualify. The applicable Memorandum of Understanding suggests that Vietnam ordinarily responds to the government's removal-related request for travel documents within 30 calendar days. In contrast, Luu has now been re-detained for a period of seven months The court finds that this showing suggests that Vietnam has and will refuse to accept Luu and constitutes good

4

reason to believe that there is no significant likelihood of Luu's removal in the reasonably foreseeable future.

To rebut this showing, the respondents offer only a vague attestation that the government is continuing to work on obtaining travel documents for Luu. This meager showing does not persuade the court that Luu's removal is likely to occur within the reasonably foreseeable future. It does not explain why removal efforts are likely to be successful now when they were unsuccessful in 2004. It does not explain why Vietnam would have quickly refused to issue a passport to Luu in August 2025 at Luu's request but would grant one at the government's request within the reasonably foreseeable future. It also does not explain why Vietnam has not yet granted the government's request for travel documents after seven months of re-detention when the memorandum of understanding contemplates a decision from Vietnam within thirty days of receiving the government's request. Consequently, the court finds Luu's removal is not reasonably foreseeable. Therefore, the respondents must release Luu.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Phuong Luu on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **March 19, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the

Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 17, 2026.

_/s/Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT